# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK FOLLEY,

        Plaintiff,    :    Case No. 3-22-cv-16

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

BARBARA P. GORMAN, et al.,

    :

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Derek Folley brought this action *pro se* under 42 U.S.C. § 1983 to obtain money damages as a result of his allegedly false imprisonment. The case is before the Court for review prior to issuance of process.[1]  Plaintiff has sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, but his affidavit in support of that application shows any partial filing fee would be *de minimis*.

Folley was convicted in the Montgomery County Court of Common Pleas on three counts of unlawful sexual conduct with a minor and sentenced to fifteen years imprisonment in Case No. 2019 CR 1878.  The Complaint asserts a number of alleged violations of Plaintiff's constitutional rights in the course of that prosecution by Defendants acting under color of state law.

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads,

---

[1] Although Folley has filed a number of motions for default judgment against the Defendants, the record shows that no process was issued by the Southern California District Court and no Defendant has been served with process in the manner required by law.

as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992).  In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or

>(B) the action or appeal --
>(i) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint alleges constitutional violations which would render his conviction invalid. But "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019).

Plaintiff makes no allegation that his conviction has been reversed on direct appeal or that it has in any other way been rendered invalid. Under those circumstances, the Complaint fails to state a claim upon which relief can be granted and its should therefore be dismissed without prejudice to the merits of Plaintiff's asserted constitutional violations.

Adoption of this Report and consequent entry of judgment will render moot all remaining pending motions in the case, to wit, ECF Nos. 2, 3, 7, 8, 10, 11, 16-26, 47, and 56. Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 7, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #